IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-01066-WJM-KLM

ANDREW J. O'CONNOR, and
CLIFF SMEDLEY,

    Plaintiffs,

v.

LAFAYETTE CITY COUNCIL, and
ALEXANDRA LYNCH, Mayor,

    Defendants.
_____

# ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiffs' **Motion to Disqualify Magistrate Judge Kristen L. Mix Pursuant to 28 § 455 U.S.C.** [sic] [#42][1] (the "Motion"). Defendants filed a Response [#45] in opposition to the Motion [#42], and Plaintiffs filed a Reply [#46]. I have reviewed the Motion, the Response, the Reply, and the entire case file and am fully advised in the premises. For the reasons set forth below, the Motion [#42] is **DENIED**.

## I. Background

Pursuant to 28 U.S.C. § 455, Plaintiffs seek my recusal on the basis of "misandry, lack of impartiality, personal bias and prejudice against Plaintiffs and in favor of Defendants

---

[1] "[#42]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

and for violations of the Code of Conduct for United States Judges."[2] *Motion* [#42] at 1.[3]

The only specific action taken by me to which Plaintiffs point is a Minute Order [#37] entered on October 21, 2019, in which I stated:

> This matter is before the Court on Plaintiffs' **Second Motion for Sanctions and Response in Opposition to Defendants' Reply in Support of Their Motion to Dismiss [ECF 14] Pursuant to Fed. R. Civ. P. 12(b)(6)** [#28] (the "Motion"). Plaintiffs appear to be under the impression that they have a right to present their case in whatever manner they choose. However, no litigant, represented or pro se, has such a right. *Wojdacz v. Norman*, No. 12-cv-01483-REB-MEH, 2014 WL 4980401, at *1 n.3 (D. Colo. Oct. 6, 2014). Every litigant must conform his presentation of his case to the various rules and procedures governing proceedings before the Court. *Id.* The Court retains authority to manage the proceedings to promote the swift and efficient resolution of cases and preserve the dignity of the Court. *Id.* "[A] federal courtroom is not a bully pulpit." *Id.*
>
> Throughout their Motion [#28], Plaintiffs make a variety of vile characterizations and wholly baseless insinuations against various persons, including nonparties and counsel for Defendants—statements which do not deserve the dignity of being repeated here. *See, e.g.*, [#28] at 12, 18, 20. Such unsubstantiated and "wholly fanciful aspersions" are plainly abusive. *See Wojdacz*, 2014 WL 4980401, at *1 n.3. Although the Court does not attempt to dignify Plaintiffs' wild conjecture by addressing each statement substantively—because each statement is, in fact, completely unsubstantiated—the Court warns Plaintiffs that filings that contain abusive material will be stricken without further consideration. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 841 (10th Cir. 2005) (stating that the Court has inherent authority to strike pleadings from the docket which contain abusive or offensive language and serve no legitimate purpose); *Phillips v. Carey*, 638 F.2d 207, 208 (10th Cir. 1981) (stating that the Court has the

---

[2] Canon 1 states: "A judge should uphold the integrity and independence of the judiciary." Canon 2 states: "A judge should avoid impropriety and the appearance of impropriety in all activities." Canon 3 states: "A judge should perform the duties of the office fairly, impartially and diligently." Canon 4 states: "A judge may engage in extrajudicial activities that are consistent with the obligations of judicial office." Canon 5 states: "A judge should refrain from political activity." *See Code of Conduct for United States Judges*.

[3] The Court notes that Plaintiffs also ask me to recuse myself "from continuing to preside over the present case." *Motion* [#42] at 1. I have not presided over this case since June 10, 2019, when the case was reassigned to District Judge William J. Martinez, who is currently the presiding judge in this case. *See* [#21] (reassigning case based on the parties' lack of consent to have a United States Magistrate Judge conduct all proceedings in this lawsuit).

legal authority pursuant to Fed. R. Civ. P. 12(f) to strike pleadings which are impertinent or scandalous in nature). Plaintiffs must limit the contents of their filings to information and argument which is intended to lead to the ultimate resolution of their claims before the Court. Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#28] is **STRICKEN**.

The remainder of Plaintiffs' suggested grounds for recusal are unconnected to any of my own actions in this case: (1) Plaintiffs' filing of a judicial misconduct complaint against me; (2) my practice as an employment lawyer prior to taking the bench; and (3) a 2016 award for judicial excellence presented to me by the Colorado Women's Bar Association. *Motion* [#42]; *Reply* [#46].

## II. Legal Standard

Pursuant to 28 U.S.C. § 455(a), a Magistrate Judge shall disqualify herself "in any proceeding in which [her] impartiality might reasonably be questioned." Further, she "shall also disqualify [her]self . . . [w]here [s]he has a personal bias or prejudice concerning a party . . . ." 28 U.S.C. § 455(b)(1). In the Tenth Circuit, courts use a "reasonable person" standard in applying the statute. *See, e.g.*, *Hinman v. Rogers,* 831 F.2d 937, 939 (10th Cir. 1987); *see also United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993) ("The standard is purely objective. The inquiry is limited to outward manifestations and reasonable inferences drawn therefrom. In applying the test, the initial inquiry is whether a reasonable *factual* basis exists to call the judge's impartiality into question.").

The purpose of the statute is not to provide litigants with "a veto power over sitting judges, or a vehicle for obtaining a judge of their choice." *Cooley*, 1 F.3d at 993. Moreover, "a judge has a strong duty to sit when there is no legitimate reason to recuse." *Bryce v. Episcopal Church in the Diocese of Colo.*, 289 F.3d 648, 659 (10th Cir. 2002)

(citation omitted). "'[U]nsubstantiated suggestions, speculations [and] opinions[]' are insufficient to establish even the appearance of any bias, prejudice, or misconduct that would warrant judicial recusal." *Carpenter v. Boeing Co.*, 456 F.3d 1183, 1204 (10th Cir. 2006) (citation omitted); *see also Estate of Bishop v. Equinox Int'l Corp.*, 256 F.3d 1050, 1058 (10th Cir. 2001) ("Factors that *do not* merit disqualification include: rumor, speculation, beliefs, conclusions, or other non-factual matters . . . [and] prior rulings that were adverse to the moving party." (emphasis in original)).

### III. Analysis

Although Plaintiffs' dissatisfaction with me is manifest, there is no basis for concluding that my impartiality in this matter might reasonably be questioned. Indeed, the Tenth Circuit has made clear that although recusal motions are frequently based upon speculation or beliefs, prior adverse rulings in the proceeding, and/or baseless personal attacks on the judge by a party, none of these circumstances warrants recusal. *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995); *see also Liteky v. United States*, 510 U.S. 540, 555 (1994) ("Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. . . . [Further], judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.").

First, Plaintiffs seek my recusal on the basis of their filing of a judicial misconduct complaint against me. *Motion* [#42]. This is not a permissible ground for recusal. *See, e.g.*, *Cooley*, 1 F.3d 994 (stating that grounds for recusal do not include "baseless personal attacks on or suits against the judge by a party" or "threats or other attempts to intimidate the judge"); *In re Winslow*, 107 B.R. 752, 753 (D. Colo. 1989) ("The filing of a complaint

with the Judicial Council is not grounds for disqualification.").

Second, Plaintiffs seek my recusal on the basis of my 2016 award for judicial excellence from the Colorado Women's Bar Association, apparently because Plaintiffs believe this shows a bias against men. *Motion* [#42] at 5 ("In 2016, Mix was awarded for judicial excellence by the Colorado Women's Bar Association which does not reassure the male Plaintiffs."). Simply because my gender differs from that of Plaintiffs does not provide a permissible ground for recusal. *See, e.g.*, *Pride v. Herrera*, 28 F. App'x 891, 894-95 (10th Cir. 2001) (upholding magistrate judge's denial of a motion to recuse that was asserted, in part, because the judge's race was different from that of the plaintiffs). "'[U]nsupported, irrational or highly tenuous speculation' is an inappropriate ground for recusal." *Id.* at 895.

Third, Plaintiffs seek recusal on the basis of my practice as an employment lawyer prior to taking the bench. *Motion* [#42] at 4. I first note that it has been more than eleven years since I left private practice, and that while I was in private practice I represented a mix of employees and employers. Regardless, my prior area of practice provides no permissible ground for recusal. *See Cooley*, 1 F.3d at 993-94 (stating that grounds for recusal do not include "the mere fact that a judge has previously expressed an opinion on a point of law" or "mere familiarity with the defendant(s), or the type of charge, or kind of defense presented"). Despite Plaintiffs' belief to the contrary, I represented both employees and employers in private practice. The amicus brief I drafted in *Hillig v. Rumsfeld*, 381 F.3d 1028 (10th Cir. 2004), advocated on behalf of the employee, not the employer.

Finally, Plaintiffs seek recusal on the basis of my October 21, 2019 Minute Order [#37]. *Motion* [#42] at 2-3. I have thoroughly reviewed my Minute Order, Plaintiffs'

underlying Second Motion for Sanctions and Response in Opposition to Defendants' Reply in Support of Their Motion to Dismiss [ECF 14] Pursuant to Fed. R. Civ. P. 12(b)(6) [#28], and the legal authority cited in the Minute Order. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 841 (10th Cir. 2005) (stating that the Court has inherent authority to strike pleadings from the docket which contain abusive or offensive language and serve no legitimate purpose); *Phillips v. Carey*, 638 F.2d 207, 208 (10th Cir. 1981) (stating that the Court has the legal authority pursuant to Fed. R. Civ. P. 12(f) to strike pleadings which are impertinent or scandalous in nature); *Wojdacz v. Norman*, No. 12-cv-01483-REB-MEH, 2014 WL 4980401, at *1 n.3 (D. Colo. Oct. 6, 2014) ("As I have noted previously, and as shown again in this filing, it appears that plaintiff is under the impression that she had a right to present her case in whatever manner and by whatever evidence she alone chose. No litigant, represented or pro se, has such a right. Every litigant must conform her presentation of her case to the various rules and procedures governing proceedings before the court, and the court retains authority to manage the proceedings to promote the swift and efficient resolution of cases, protect witnesses and the jury from undue burden, and preserve the dignity of the tribunal. As I have previously advised plaintiff, a federal courtroom is not a bully pulpit."); *see also id.* at *3 ("Finally, I note that plaintiff continues with her campaign to defame this court by again sprinkling throughout her motion a variety of vile characterizations and wholly baseless insinuations going to the supposed motivations for the court's legal rulings in this matter. Plaintiff essentially attempts to transform her own failure to present sufficient evidence to submit this case to a jury into an outlandish conspiratorial plot involving the court and defendants. Such unsubstantiated and wholly fanciful aspersions are not new in this litigation, but whereas previously they

were merely tiresome, they now are becoming abusive. Although the court will not attempt to dignify such wild conjecture by addressing each charge substantively—because they are, in fact, completely unsubstantiated—I warn plaintiff that further filings that contain such matters may be stricken without further consideration." (internal footnote omitted)).

As a result of this review, I remain convinced that my ruling in the Minute Order [#37] is correct and well-grounded in applicable legal authority. There is absolutely no relevance in this litigation to Plaintiffs' unsubstantiated musings and aspersions regarding opposing counsel's sexual orientation or childhood abuse, a non-party Lafayette City Councilman's alleged religion or terrorist activities, or the causes of death of spouses of two female members of the Lafayette City Council. See [#28] at 12, 18, 20. In short, "adverse rulings against a litigant cannot in themselves form the appropriate grounds for disqualification." Green v. Dorrell, 969 F.2d 915, 919 (10th Cir. 1992).

Simply put, there is no reason why my impartiality might *objectively* or *reasonably* be questioned in this case. The allegations and accusations made in the underlying briefs although unfortunate, are unsubstantiated. Both the case record and my lifelong history speak for themselves. My duty remains to hear the case as assigned. Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#42] is **DENIED**.

Dated: November 21, 2019

BY THE COURT:

*[signature]*

Kristen L. Mix
United States Magistrate Judge