IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 19-cv-1066-WJM-KLM

ANDREW J. O'CONNOR, and
CLIFF SMEDLEY,

    Plaintiffs,

v.

LAFAYETTE CITY COUNCIL, and
ALEXANDRA LYNCH, Mayor of Lafayette,

    Defendants.

---

**ORDER ADOPTING IN PART AND ADOPTING IN PART AS-MODIFIED
RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

This matter is before the Court on the November 11, 2019 Recommendation of U.S. Magistrate Judge Kristen L. Mix (the "Recommendation") to grant in part and deny in part Defendants Lafayette City Council (the "Council") and Lafayette Mayor Alexandra Lynch's Motion to Dismiss (the "Motion") (ECF No. 14). (ECF No. 48.) The Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). For the reasons that follow, the Recommendation is adopted in part, and adopted in part as modified.

## I. BACKGROUND

On April 11, 2019, Plaintiffs Andrew J. O'Connor and Cliff Smedley, both proceeding *pro se*, filed their Complaint with the Court. (ECF No. 1.) Plaintiffs allege that they sought appointment to a vacant position on the Council, and were not selected for the position because of their race, gender, and age, and because they had

previously criticized the Council at public comment and during their previous campaigns for Council membership. O'Connor also alleges that he was not appointed because of his (unidentified) disability. Plaintiffs accordingly bring claims against the Council and Lynch under (1) Title VII, 42 U.S.C. §§ 2000e *et seq.*; (2) the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 *et seq.*; (3) the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq.* (O'Connor only); and (4) the First Amendment.[1]

On May 31, 2019, Defendants filed the Motion, seeking to dismiss all of Plaintiffs' claims with prejudice under Federal Rule of Civil Procedure 12(b)(6). (ECF No. 14.) On June 11, 2019, Plaintiffs filed a Response (ECF No. 25), and on June 20, 2019, Defendants filed a Reply (ECF No. 27). The Motion was referred to the Magistrate Judge on June 11, 2019. (ECF No. 24.)

On November 21, 2019, Judge Mix issued her Recommendation. Judge Mix recommended that the Motion be granted in part and denied in part, such that Plaintiff's Title VII and ADEA claims should be dismissed with prejudice, and Plaintiff's ADA and First Amendment claims should be dismissed without prejudice. Judge Mix also recommended that, to the extent it seeks attorneys' fees, the Motion should be denied.

## II. STANDARDS OF REVIEW

### A. Rule 12(b)(6) Motion to Dismiss

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a

---

[1] Construing Plaintiffs' *pro se* Complaint liberally, *see Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009), the Court reads it as bringing Plaintiffs' First Amendment claim under 42 U.S.C. § 1983. *See Rahls v. Thomas*, 718 F.3d 1210, 1225 (10th Cir. 2013).

2

claim in a complaint for "failure to state a claim upon which relief can be granted." The 12(b)(6) standard requires the Court to "assume the truth of the plaintiff's well-pleaded factual allegations and view them in the light most favorable to the plaintiff." *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). In ruling on such a motion, the dispositive inquiry is "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Granting a motion to dismiss "is a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice." *Dias v. City & Cnty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009) (internal quotation marks omitted). "Thus, 'a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely.'" *Id.* (quoting *Twombly*, 550 U.S. at 556).

**B.  Review of a Magistrate Judge's Recommendation**

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district judge "determine *de novo* any part of the magistrate judge's [recommendation] that has been properly objected to." An objection to a recommendation is properly made if it is both timely and specific. *United States v. One Parcel of Real Property Known as 2121 East 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996). An objection is sufficiently specific if it "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Id.* In conducting its review, "[t]he district court judge may

3

accept, reject, or modify the recommendation; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*

**C.    Review of *Pro Se* Plaintiffs' Pleadings**

The Court must construe a *pro se* plaintiff's pleadings "liberally"—that is, "to a less stringent standard than formal pleadings filed by lawyers." *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009). It is not, however, "the proper function of the district court to assume the role of advocate for the pro se litigant." *Id.*; *see also Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) ("[W]e will not supply additional facts, nor will we construct a legal theory for plaintiff that assumes facts that have not been pleaded.").

### III.  ANALYSIS

Plaintiffs' factual allegations read as follows:

> On 2/12/2019 and 2/24/2019, Plaintiffs applied for a vacancy for a paid position on the Lafayette City Council. The Lafayette City Council consists of 6 white females and 1 non-White male. Plaintiffs fall within a protected class from discrimination as they are White males over the age of forty with Plaintiff O'Connor having a disability. On 2/19/2019, Defendants eliminated Plaintiffs from the interview pool. Plaintiffs were the only 2 candidates eliminated from a candidate pool of 9. On 2/26/2019, Defendants hired a White female. Defendants unlawfully discriminated against Plaintiffs based upon their race, color, sex, disability and age and violated Plaintiffs' rights under the First Amendment because they unlawfully eliminated them from the interview pool because Plaintiffs engaged in protected political speech when they criticized Defendants during public comment at City Council meetings and when Plaintiffs campaigned for City Council.

(ECF No. 1 at 3.)

4

## A. Title VII Claims

Relevant to Title VII, Plaintiffs allege that Defendants failed to hire them to the vacant position on the Council because of their race (white) and gender (male).

Title VII protects employees and applicants for employment from discrimination based on certain protected characteristics. *See* 42 U.S.C. § 2000e *et seq*. However, the statute provides that the term "employee" does not include, among other things, "an appointee on the policymaking level." *Id.* § 2000e(f); *see also Crumpacker v. Kan., Dep't of Human Res.*, 474 F.3d 747, 749 (10th Cir. 2007) ("Title VII does not protect an appointee on the policy making level in state or local government."). Defendants argue that, because Plaintiffs were seeking appointment to a policymaking position in local government, they are not afforded the protections of Title VII. Judge Mix agreed, and recommended that Plaintiffs' Title VII claims be dismissed with prejudice. In light of Plaintiffs' *pro se* status, the Court considers Plaintiffs' Objections as to this part of the Recommendation to be sufficiently specific to trigger *de novo* review. (*See* ECF No. 65 at 10–11.)

It is not clear from the face of the Complaint that Council members are policymakers for Lafayette. However, Defendants argue that the Lafayette City Charter (the "Charter") establishes that Council members are policymakers, and that the Court may properly consider the Charter in ruling on the Motion. (ECF No. 14 at 8 n.5.)

The Court may take judicial notice of city charters, *Melton v. City of Okla. City*, 879 F.2d 706, 724 n.25 (10th Cir. 1989), and matters subject to judicial notice may be considered in ruling on a Rule 12(b)(6) motion to dismiss, *Tellabs, Inc. v. Makor Issues*

5

*& Rights, Ltd.*, 551 U.S. 308, 322 (2007); *see also Moore v. City of Tulsa*, 55 F. Supp. 3d 1337, 1342–43 (N.D. Okla. 2014) (taking judicial notice of a city charter in ruling on a Rule 12(b)(6) motion to dismiss). Accordingly, the Court will consider the Charter in ruling on Defendants' Motion.

Defendants point to section 4.1 of the Charter in support of their argument that Council members are policymakers. Section 4.1 provides:

> The City Council shall consist of seven (7) members, one of whom shall serve as Mayor. *The Council shall constitute the legislative and governing body of the city* and shall have power and authority except as otherwise provided in this Charter or by the Constitution of the State of Colorado, to exercise all powers conferred upon or possessed by the city, and *shall have the power and authority to adopt such laws, ordinances and resolutions as it shall deem proper in the exercise thereof*.

Lafayette City Charter § 4.1 (emphases added).

Given that under section 4.1 of the Charter Council members "constitute the legislative and governing body of the city," *id.*, it cannot seriously be contested that Council members occupy policymaking roles in the city. *See Gregory v. Ashcroft*, 501 U.S. 452, 467 (1991).

The Tenth Circuit has made clear, however, that to constitute an "appointee on the policy making level," a person must be "*appointed* by an *elected official* to a policy making position." *Anderson v. Albuquerque*, 690 F.2d 796, 800 (10th Cir. 1982) (emphasis added). Pertinent to this issue is section 3.2 of the Charter, which provides, "The elective officers of the city shall be seven (7) Councilors, all of whom shall be nominated and elected from the city at large." Lafayette City Charter § 3.2. And

6

section 5.7(a) of the Charter (titled "Filling vacancies in elective offices") provides: "Any vacancy which occurs in the Council more than ninety (90) days before the next regular city election shall be filled within thirty (30) days by a majority vote of the remaining members of the Council, *said appointee* to hold office until the next regular Council meeting following certification of the next election[.]" *Id.* § 5.7(a).

As such, given sections 4.1, 3.2, and 5.7(a) of the Charter, the Court concludes that Plaintiffs were seeking appointment from elected officials to a policymaking position in local government.[2] Accordingly, Plaintiffs are not afforded the protections of Title VII in this case. The Recommendation is adopted as to Plaintiffs' Title VII claims, and Plaintiffs' Title VII claims will be dismissed with prejudice.

## B. ADEA Claims

Plaintiffs argue that Defendants failed to appoint them to the Council vacancy because they are over the age of forty, in violation of the ADEA. Defendants counter that, like Title VII, the ADEA exempts appointed policymakers from its definition of "employee." (ECF No. 14 at 12.) Agreeing with Defendants, Judge Mix recommended that these claims be dismissed with prejudice. Again, in light of Plaintiffs' *pro se* status, the Court finds Plaintiffs' Objections to be sufficiently specific to trigger *de novo* review. (*See* ECF No. 65 at 10–11.)

Defendants are correct that the ADEA, like Title VII, exempts "appointee[s] on the policymaking level" from its protections. 29 U.S.C. § 630(f); *see also Wheeler v.*

---

[2] Plaintiffs do not argue, nor is there anything in the Complaint to indicate that at the time the appointment at issue was made, any of the Council members had themselves been appointed rather than elected.

7

*Hurdman*, 825 F.2d 257, 262–63 (10th Cir. 1987) (noting that the definitions of "employee" in Title VII and the ADEA are "virtually identical"). Thus, for the same reasons that Plaintiffs are not entitled to the protections of Title VII in this case, they are not entitled to the protections of the ADEA. The Recommendation in this respect is adopted, and Plaintiffs' ADEA claims will be dismissed with prejudice.

**C.     ADA Claim**

Plaintiff O'Connor contends that the Council failed to interview or appoint him because of his disability (the precise nature of which is not alleged in the Complaint). Judge Mix recommended that this claim be dismissed without prejudice. As to this claim, the Court finds Plaintiffs' Objections to be insufficiently specific to trigger *de novo* review. (*See* ECF No. 65 at 1–14.) Thus, finding no clear error, the Court adopts this part of the Recommendation. O'Connor's ADA claim will be dismissed without prejudice.[3]

**D.     First Amendment Claims**

With respect to Plaintiffs' First Amendment claims, the Complaint in its entirety reads as follows: "[Defendants] violated Plaintiffs' rights under the First Amendment because they unlawfully eliminated them from the interview pool because Plaintiffs engaged in protected political speech when they criticized Defendants during public comment at City Council meetings and when Plaintiffs campaigned for City Council." (ECF No. 1 at 3.)

Defendants contend that "Plaintiffs fail to state who they specifically 'criticized';

---

[3] The Court notes that no claim under the ADA was pled by Plaintiff Smedley.

fail to demonstrate that their speech was on a matter of public concern; fail to state when the alleged criticism took place; and fail to provide any facts to support . . . that the alleged speech was a substantial motivating factor in the City's hiring decision." (ECF No. 14 at 16–17.) Consequently, Defendants argue, Plaintiffs have failed to plausibly allege a First Amendment retaliation claim, and dismissal is therefore appropriate under Rule 12(b)(6).

Judge Mix recommended that these claims be dismissed without prejudice because Plaintiffs fail to plausibly allege that Defendants' failure to appoint Plaintiffs was substantially motivated by Plaintiffs' public criticisms of Defendants. In light of Plaintiffs' *pro se* status and in an abundance of caution, the Court will review the Motion *de novo* with respect to these claims. The Court concludes that Plaintiffs have failed to state a First Amendment claim, but not for the reasons proffered by Defendants.

An applicant for government employment bringing a First Amendment retaliation claim is subject to the requirements first set forth by the Supreme Court in *Pickering v. Board of Education of Township High School District 205, Will County, Illinois*, 391 U.S. 561 (1968). *Franklin v. Atkins*, 562 F.2d 1188, 1190–92 (10th Cir. 1977); *Worrell v. Henry*, 219 F.3d 1197, 1207 (10th Cir. 2000). Under *Pickering* and its progeny, to succeed on a First Amendment retaliation claim, a government employee or applicant for employment must have engaged in conduct that can "be fairly characterized as constituting speech on a matter of public concern." *Connick v. Myers*, 461 U.S. 138, 146 (1983). While Plaintiffs do not allege precisely what they criticized the Council for, taking Plaintiffs' allegations in the light most favorable to them, a reasonable inference

9

clearly can be made that their speech involved allegations of governmental impropriety or wrongdoing, and therefore that their speech involved a matter of public concern. *See Connick*, 461 U.S. at 148.

The next question under *Pickering*, at this stage of the proceedings, is whether Plaintiffs have plausibly alleged that their "interest[s] in the expression outweigh[ ] the government employer's interest in regulating it." *Jantzen*, 188 F.3d at 1257. This determination "depends on a careful balance between the interests of the [employee], as a citizen, in commenting upon matters of public concern and the interest of the State, as an employer, in promoting the efficiency of the public services it performs through its employees." *Lane v. Franks*, 573 U.S. 228, 236 (2014) (internal quotations and citation omitted).

"Although an employee's status as a policymaker bears considerable attention when weighing the interests of the government, the policymaking employee exception does not apply and courts must apply *Pickering* balancing when the speech at issue does not implicate the employee's politics or substantive policy viewpoints." *Barker*, 215 F.3d at 1139. As explained in Part III.A of this Order, Plaintiffs were indeed seeking appointment to a policymaking position.

The Court concludes that, given the sparse allegations in the Complaint, no plausible inference can be made that Plaintiffs spoke on matters of public concern that did not "implicate the employee's politics or substantive policy viewpoints." *Barker*, 215 F.3d at 1139. The Complaint merely alleges that "Plaintiffs engaged in protected political speech when they criticized Defendants during public comment at City Council

meetings and when Plaintiffs campaigned for City Council." (ECF No. 1 at 3.) While the Court must construe Plaintiffs' *pro se* Complaint liberally, attempting to determine precisely what kind of criticisms were lodged against the Council would require an exercise in pure speculation. Accordingly, Plaintiffs have failed to state a claim under *Pickering*. The Recommendation as to this claim is therefore adopted as modified, and Plaintiffs' First Amendment claims will be dismissed without prejudice.

### E. Attorneys' Fees

Defendants in their Motion seek an award of attorneys' fees. Judge Mix recommended that the Motion be denied in this respect, and Defendants filed no objections to the Recommendation. Accordingly, the Court reviews only for clear error; finding none, the Recommendation is adopted in this respect as well.

## IV. CONCLUSION

For the reasons set forth above, the Court ORDERS:

1. The Recommendation (ECF No. 48) is ADOPTED IN PART and ADOPTED IN PART AS MODIFIED, as follows:

    a. The Recommendation is ADOPTED as to Plaintiffs' Title VII and ADEA claims, and as to O'Connor's ADA claim; and

    b. The Recommendation is ADOPTED AS MODIFIED as to Plaintiffs' First Amendment claims;

2. Defendants' Motion (ECF No. 14) is GRANTED IN PART and DENIED IN PART, as follows:

    a. Defendants' Motion is GRANTED as to Plaintiffs' Title VII, ADEA, and

11

First Amendment claims, and as to O'Connor's ADA claim; and

    b. Defendants' Motion is DENIED as to its request for attorneys' fees;

3. Plaintiffs' Title VII and ADEA claims are DISMISSED WITH PREJUDICE, and Plaintiffs' First Amendment claims and O'Connor's ADA claim are DISMISSED WITHOUT PREJUDICE;

4. The Stay of Discovery (ECF No. 41) is LIFTED; and

5. Plaintiffs are GRANTED LEAVE to file an amended complaint as to their First Amendment claims and O'Connor's ADA claim ONLY. Such amended complaint must be filed no later than **March 20, 2020**, or the Court will dismiss Plaintiffs' ADA and First Amendment claims with prejudice, and enter judgment in favor of Defendants.

Dated this 2nd day of March, 2020.

BY THE COURT:

_____
William J. Martinez
United States District Judge