**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge William J. Martínez**

Civil Action No. 19-cv-1066-WJM-KLM

ANDREW J. O'CONNOR,

Plaintiff,

v.

LAFAYETTE CITY COUNCIL, and
ALEXANDRA LYNCH, Mayor of Lafayette,

Defendants.

---

**ORDER ON MOTIONS**

---

This matter is before the Court on ten pending motions filed by Plaintiff Andrew J. O'Connor (ECF Nos. 88, 109, 112, 113, 115, 140, 141, 143, 144, & 145), and three motions filed by Defendants Lafayette City Council and Mayor of Lafayette Alexandra Lynch (ECF Nos. 92, 120, & 135). The Court's rulings on these motions are set forth below.

## I. BACKGROUND

This case arises out of Defendants' alleged failure to appoint Plaintiff to a seat on the Lafayette City Council in August 2018 and February 2019. (ECF No. 83.) Plaintiff brings claims against Defendants under the First Amendment, Title VII, the Age Discrimination in Employment Act, and the Americans with Disabilities Act. The Court assumes familiarity with Plaintiff's specific allegations, which are set forth in his Amended Complaint (*id.*).

Plaintiff is proceeding *pro se* and filed his original Complaint in this action on

April 11, 2019. (ECF No. 1.) For a case that has been pending for less than a year and a half, its procedural history is extensive. It seems that this is attributable primarily to the excessive amount of pleadings, motions, and other documents Plaintiff has filed. Most of Plaintiff's filings, while often captioned differently, seek the same or similar relief—sanctions against Defendants' counsel, for example—and are substantively similar to, if not copy-pasted verbatim (at least in part) from previously filed documents.

As indicated above, this Order will address thirteen pending motions. The Court will address Defendants' motions first, as each bears on the procedural deficiencies of several of Plaintiff's own motions at issue here. In particular, the motions filed by Defendants currently before the Court are: (1) Defendants' Motion to Strike Plaintiff's Motion for Summary Judgment (ECF No. 92); (2) Defendants' Motion to Strike Plaintiff's Motions to Compel Discovery, Plaintiff's Third Amended Complaint, and Plaintiff's Amended Response to Defendant's Motion to Dismiss ("Defendants' Second Motion to Strike") (ECF No. 120); and (3) Defendants' Motion to Strike Plaintiff's Responses to Defendants' Motion to Dismiss ("Defendants' Third Motion to Strike") (ECF No. 135).

Plaintiff's motions currently before the Court are: (1) Plaintiff's Motion for Summary Judgment (ECF No. 88); (2) Plaintiff's Motions to Compel Discovery (ECF Nos. 109, 112, 113, & 115); (3) Plaintiff's Motions to Strike (ECF Nos. 140, 141, 143, & 145); and (4) Plaintiff's Motion to Disqualify Counsel for Defendants (ECF No. 144).

The parties' motions will be addressed in turn.

## II. ANALYSIS

### A. Defendants' Motion to Strike Plaintiff's Motion for Summary Judgment (ECF No. 92)

On March 23, 2020, Plaintiff filed a Motion for Summary Judgment (ECF No. 88), and on March 26, 2020, Defendants filed their Motion to Strike Plaintiff's Motion for Summary Judgment (ECF No. 92).

Defendants argue that Plaintiff's Motion for Summary Judgment is procedurally improper and should be stricken because it fails to comply with Federal Rule of Civil Procedure 56(c) and section III.E.3 of the Court's Practice Standards.

Rule 56(c) provides:

> (1) A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> > (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials.

Fed. R. Civ. P. 56(c).

Similarly, section III.E.3 of the Court's Practice Standards states:

> All motions for summary judgment, including Early Motions for Partial Summary Judgment, must contain a section entitled "Movant's Statement of Material Facts." This Statement shall set forth in simple, declarative sentences, all of which are separately numbered and paragraphed, each material fact the movant believes supports movant's claim that movant is entitled to judgment as a matter of law. Each statement of fact must be accompanied by a specific reference to supporting evidence in the record.

WJM Revised Practice Standards § III.E.3 (Dec. 1, 2019).

The Court agrees with Defendants that Plaintiff's Motion for Summary Judgment

fails to comply with these procedural requirements. First, Plaintiff does not provide any evidentiary support whatsoever for the factual allegations he makes in his Motion. (*See* ECF No. 88.) Additionally, Plaintiff's Motion does not contain a section titled "Movant's Statement of Material Facts," and his allegations are not separately numbered and paragraphed. (*See id.*)

Despite the fact that Plaintiff is proceeding *pro se*, he still must comply with all applicable rules and procedures. *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994). The procedural deficiencies in Plaintiff's Motion for Summary Judgment are significant, and not merely cosmetic, and the Court will accordingly grant Defendants' Motion to Strike Plaintiff's Motion for Summary Judgment. *See Estes v. Fortunato*, 2011 WL 832262, at *1–2 (D. Colo. Mar. 3, 2011); *Neely v. Ortiz*, 241 F. App'x 474, 478 (10th Cir. 2007) (citing *Motley v. Marathon Oil Co.*, 71 F.3d 1547, 1552 (10th Cir. 1995)). Plaintiff's Motion for Summary Judgment (ECF No. 88) will be stricken.

**B. Defendants' Second Motion to Strike (ECF No. 120)**

In Defendants' Second Motion to Strike (ECF No. 120), Defendants ask the Court to strike (1) Plaintiff's Motions to Compel Discovery (ECF Nos. 113 & 115); (2) Plaintiff's Third Amended Complaint (ECF No. 117); and (3) Plaintiff's Amended Response to Defendants' Motion to Dismiss (ECF No. 118).

1. <u>Plaintiff's Motions to Compel Discovery (ECF Nos. 113 & 115)</u>

Defendants argue that Plaintiff's Motions to Compel Discovery (ECF Nos. 113 & 115) should be stricken because, among other reasons, they exceed the page limit prescribed by section III.C.1 of the Court's Practice Standards. The Court agrees.

Both Motions (ECF Nos. 113 & 115) are eighteen and one-half pages long,

exclusive of the signature block and certificate of service. As such, they are noncompliant with section III.C.1 of the Court's Practice Standards, which requires that such motions be fifteen pages or less, absent prior leave of the Court, which Plaintiff did not seek or obtain. *See* WJM Practice Standards § III.C.1 (Dec. 1, 2019). The Court therefore will grant Defendants' Second Motion to Strike (ECF No. 120) as to Plaintiff's Motions to Compel (ECF Nos. 113 & 115), and Plaintiff's Motions to Compel (ECF Nos. 113 & 115) will be stricken. Additionally, and for the same reason, Plaintiff's previously filed Motions to Compel (ECF Nos. 109 & 112) will be stricken by the Court *sua sponte*.

2. Plaintiff's Third Amended Complaint

Defendants further argue that Plaintiff's Third Amended Complaint (ECF No. 117) should be stricken because, among other reasons, Plaintiff failed to seek the Court's leave to amend as required by Federal Rule of Civil Procedure 15(a). The Court agrees with this argument as well.

In its Order adopting U.S. Magistrate Judge Kristen L. Mix's Recommendation on Defendants' Motion to Dismiss, the Court granted Plaintiff leave to file *one* amended complaint. (ECF No. 81 at 12.) On March 12, 2020, Plaintiff filed his Amended Complaint. (ECF No. 83.) Subsequently, Plaintiff filed a *Second* Amended Complaint on March 16, 2020 (ECF No. 84), and his *Third* Amended Complaint on April 23, 2020 (ECF No. 117).

Federal Rule of Civil Procedure 15(a) provides in relevant part that "[a] party may amend its once as a matter of course. . . . In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1994). Plaintiff did not seek and was not

otherwise granted the Court's leave to file his second or third amended complaints. The Court will therefore grant Defendants' Second Motion to Strike (ECF No. 120) as to Plaintiff's Third Amended Complaint (ECF No. 117), and Plaintiff's Third Amended Complaint will be stricken. Additionally, and for the same reason, Plaintiff's Second Amended Complaint (ECF No. 84) will be stricken by the Court *sua sponte*.

3. Plaintiff's Amended Response to Defendants' Motion to Dismiss (ECF No. 118)

In their Second Motion to Strike (ECF No. 120), Defendants ask the Court to strike Judge Mix, Sarah Hayes, and Marni Kloster from the case caption in Plaintiff's Amended Response (ECF No. 118). The basis for this request is that the Court has not granted either of Plaintiff's Motions to Amend (ECF Nos. 127 & 131), in which Plaintiff seeks to join Judge Mix, Ms. Hayes, or Ms. Kloster as defendants in this action. However, Defendants have failed to cite to the Court any authority which permits it to grant them the specific relief requested here, and for that reason the Court will deny Defendants' Second Motion to Strike (ECF No. 120) as to Plaintiff's Amended Response (ECF No. 118). The Court will, however, admonish and direct Plaintiff to immediately cease including these individuals in the case captions of his filings, *unless and until* the Court grants Plaintiff's Motion to Amend (ECF No. 127).

**C. Defendants' Third Motion to Strike (ECF No. 135)**

In their Third Motion to Strike (ECF No. 135), Defendants ask the Court to strike Plaintiff's three Amended Responses to Defendants' Motion to Dismiss (ECF Nos. 123, 126, & 128).

On April 21, 2020, the Court struck Plaintiff's original Response to Defendants'

Motion to Dismiss because it was noncompliant with section III.E.3 of the Court's Practice Standards. (ECF No. 111.) The Court granted Plaintiff leave to file an amended response (*id.*), which he filed on April 27, 2020 (ECF No. 118).

Subsequently, and without the Court's leave to do so, Plaintiff filed three additional Amended Responses to Defendants' Motion to Dismiss (ECF Nos. 123, 126, & 128.) There is no basis in the Federal Rules of Civil Procedure, this District's local rules, or the Court's Practice Standards for the filing of such amended responses to a motion, especially without the Court's leave. Accordingly, Defendants' Third Motion to Strike (ECF No. 135) will be granted, and Plaintiff's three Amended Responses to Defendants' Motion to Dismiss (ECF Nos. 123, 126, & 128) will be stricken.

**D. Plaintiff's Amended Motion to Strike (ECF No. 140)**

In his Amended Motion to Strike (ECF No. 140), Plaintiff asks the Court to strike (1) Defendants' Response to Plaintiff's Motion to Amend (ECF No. 134); (2) Defendants' Motion to Strike Plaintiff's Responses in Opposition to Defendants' Motion to Dismiss (ECF No. 135); (3) Defendants' Reply in Support of their Motion to Stay Discovery (ECF No. 133); and (4) Defendants' Reply in Support of their Motion to Strike Plaintiff's Motion for Summary Judgment (ECF No. 132).

Plaintiff argues that striking the above-referenced filings is appropriate because (1) Defendants' "pleadings are abusive" and constitute "character assassination"; (2) Defendants violated Federal Rule of Evidence 408 in disclosing certain information regarding settlement negotiations in their Motion to Dismiss; (3) Defendants have not complied "with discovery pursuant to the Court's Order dated on March 2, 2020" (ECF No. 81); and (4) because Defendants' counsel have violated the Colorado Rules of

Professional Conduct and engaged in other, unspecified misconduct. (ECF No. 140.)

As to Plaintiff's first argument, he does not endeavor to identify which of Defendants' filings are "abusive" or the specific manner in which he has been subject to "character assassination." To the extent Plaintiff is referring to Defendants' filings that he seeks to have stricken in this Motion, the Court disagrees that such filings are in any way abusive, or that they can reasonably be read as endeavoring to impugn Plaintiff's character.

Plaintiff's second argument on this issue is also without merit. Federal Rule of Evidence 408 provides that certain types of evidence regarding compromise negotiations are inadmissible for certain purposes at trial. *See* Fed. R. Evid. 408(a). Whether or not Defendants inappropriately disclosed information regarding confidential settlement negotiations in their Motion to Dismiss, doing so was not in violation of Rule 408 because Defendants clearly were not seeking to have this information "admitted" into the evidentiary record. And even if they were, Rule 408 does not prevent them from attempting to do so. The Rule merely provides that *the Court* may not admit certain evidence into the record at the relevant time. *See id.* Defendants' alleged violation of Rule 408 is not a basis for striking any of their filings.

Further, Plaintiff's assertion that Defendants have failed to comply with the Court's order lifting the stay of discovery (ECF No. 81) is not a basis for striking Defendants' filings, for at least two reasons. First, Plaintiff fails to identify any particular discovery requests he has made with which Defendants have refused to comply. Second, even if Defendants had failed to comply with Plaintiff's discovery requests, it is far from clear why striking any of Defendants' filings would be the appropriate remedy

here. As such, this argument is likewise without merit.

Finally, Plaintiff's Motion to Strike (ECF No. 140) does not specify any other manner in which Defendants or Defendants' counsel have violated the Colorado Rules of Professional Conduct or otherwise engaged in misconduct. Regardless, having independently reviewed the entirety of the parties' filings, the Court concludes that neither Defendants nor Defendants' counsel have engaged in any misconduct in this matter.

For the reasons set forth above, Plaintiff's Amended Motion to Strike (ECF No. 140) will be denied.

**E. Plaintiff's Subsequent Amended Motions to Strike (ECF Nos. 141, 143, & 145)**

On July 6, 2020, Plaintiff filed three additional Amended Motions to Strike certain documents filed by Defendants. (ECF Nos. 141, 143, & 145.) While the particular filings Plaintiff seeks to have stricken are different in each Amended Motion to Strike, the arguments made in these motions are identical to those Plaintiff makes in his first Amended Motion to Strike (ECF No. 140). (*Compare id., with* ECF Nos. 141, 143, & 145.) Thus, for the reasons explained in Part II.D of this Order, the Court will deny Plaintiff's subsequent Amended Motions to Strike (ECF Nos. 141, 143, & 145).

**F. Plaintiff's Motion to Disqualify Counsel for Defendants (ECF No. 144)**

On July 6, 2020, Plaintiff filed his Motion to Disqualify Counsel for Defendants. (ECF No. 144.) In this Motion, Plaintiff asserts that disqualification is warranted based on Defendants' counsel's violation of Colorado Rule of Professional Conduct 1.7. (*Id.*)

In relevant part, Rule 1.7 provides that "a lawyer shall not represent a client if the

representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if":

> (1) the representation of one client will be directly adverse to another client; or
>
> (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.

COLO. RULES OF PROF'L CONDUCT R. 1.7.

Plaintiff's only relevant contention in this respect is that "Defendants' counsel[ ] is an insurance defense firm and upon information and belief has an inherent conflict of interest in representing the Defendants." (ECF No. 144 at 4–5.) But Plaintiff fails to specifically identify any other client of Defendants' counsel, the representation of whom would be "directly adverse to" or "materially limited by" its representation of Defendants (or vice versa). As such, Plaintiff has failed to demonstrate a violation of Rule 1.7, and Plaintiff's Motion to Disqualify Counsel for Defendants (ECF No. 144) will also be denied.

### G. Plaintiff's Request for Sanctions

Most of the documents Plaintiff has filed in this case include a request for sanctions against Defendants and Defendants' counsel. (*See, e.g.*, ECF Nos. 109, 112, 113, 115, 140, 141, 143, 144, & 145.) Plaintiff's reasons for these requests, as far as the Court can tell, are the same as those he asserts justify granting his Motions to Strike (ECF Nos. 140, 141, 143, & 145): (1) Defendants' counsel's alleged violation of Federal Rule of Evidence 408; (2) Defendants' counsel's "character assassination" of Plaintiff; (3) Defendants' counsel's "failure to comply with discovery pursuant to the

Court's Order dated on March 2, 2020" (ECF No. 81); and (4) Defendants' counsel's alleged violations of the Colorado Rules of Professional Conduct and other unspecified misconduct. As explained in Parts II.D and II.F of this Order, these contentions are unsupported and without merit. Plaintiff's requests for sanctions against Defendants and Defendants' counsel will accordingly be denied.

## III. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Defendants' Motion to Strike Plaintiff's Motion for Summary Judgment (ECF No. 92) is GRANTED;
2. Defendants' Second Motion to Strike (ECF No. 120) is GRANTED as to Plaintiff's Motions to Compel Discovery (ECF Nos. 113 & 115) and Plaintiff's Third Amended Complaint (ECF No. 117), and DENIED as to Plaintiff's Amended Response to Defendants' Motion to Dismiss (ECF No. 118).
3. Defendants' Third Motion to Strike (ECF No. 135) is GRANTED;
4. Plaintiff's Amended Motions to Strike (ECF No. 140, 141, 143, & 145) are DENIED;
5. Plaintiff's Motion to Disqualify Counsel for Defendants (ECF No. 144) is DENIED;
6. Plaintiff's requests for sanctions are DENIED;
7. Plaintiff's Motion for Summary Judgment (ECF No. 88), Plaintiff's Motions to Compel Discovery (ECF Nos. 109, 112, 113, & 115), Plaintiff's Second Amended Complaint (ECF No. 84), Plaintiff's Third Amended Complaint (ECF No. 117), and Plaintiff's Amended Responses to Defendants' Motion to Dismiss (ECF Nos. 123, 126, & 128) are STRICKEN; and

8. Plaintiff is DIRECTED to immediately cease including Judge Mix, Ms. Kloster, and Ms. Hayes in the case captions of his filings, unless and until the Court grants Plaintiff's Motion to Amend (ECF No. 127).

Dated this 1st day of September, 2020.

BY THE COURT:

William J. Martínez
United States District Judge